■ In the Matter of the Claim of PETER RAPETTI, Respondent, v. CAFE GREGOIRE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decisions of the board made during 1957 and which are contained in the findings of fact dated February 27, 1958. The claimant suffered a compensable heart injury in March, 1952, and thereafter and on July 18, 1952, the board found "Accident, notice and causal relationship established for coronory occlusion". No appeal was taken therefrom and compensation payments were made, without dispute, until May 11, 1955 when appellants stopped such payments and in their notice of July 26, 1955 gave as the reason their reliance upon the reports of examinations of Dr. B. Baer and Dr. A. De Graff. At a hearing in New York on December 6, 1955, the carrier stated that as a result of the reports from the above doctors it appeared that the claimant's then existing disability was unrelated to the accident and a hearing was requested in Florida to take the testimony of Dr. Baer and Dr. Patterson, claimant's attending physician, on the issue "as to any causally related disability subsequent to May 11 [1955]". The hearing took place and after the testimony of the doctors, the appellants now attempt to controvert not only the issue of related disability but that the finding in 1952 of coronary occlusion — from which no appeal was taken — was an erroneous finding and conclusion of the board. A report filed by Dr. Schwartz, dated May 6, 1952, stated claimant was hospitalized with a "diagnosis of coronary occlusion". Dr. Gelfand reported to the carrier by letter dated June 4, 1952 and stated: "Whether he sustained a true coronary occlusion is difficult to say from the evidence at hand, however, the ST changes in the electrocardiogram * * * suggest that some damage occurred." In a report by Dr. Kleefield, dated August 21, 1952, he stated "Myocardial infarction due to coronary thrombosis". Certain it is that there was evidence sufficient to sustain the board's finding in 1952 of coronary occlusion. There is substantial evidence to sustain the board's finding of continued disability subsequent to May 11, 1955. The doctors upon whom the appellants rely on this appeal when reporting or testifying in 1956 expressed some doubts. Dr. Baer "had doubts" that it (coronary occlusion) occurred and Dr. De Graff, who never personally examined the claimant, admitted "it might have happened in August, 1952" as contrasted to the date of the accident, March, 1952. This doctor also stated his findings were based on the assumption that the claimant suffered a temporary episode f coronary insufficiency in 1952, but if he suffered an occlusion on the day of the accident, there would be permanent damage and the causal relationship and continued disability here in dispute would be established. While the medical testimony in some aspects slants toward coronary insufficiency as

distinguished from a heart accident, coronary occlusion, there being no appeal from the original finding of coronary occlusion in July, 1952, we are satisfied the testimony is substantial to sustain a finding of continued disability. Dr. Patterson, who attended claimant from November 23, 1953 until June 17, 1957, when testifying in March, 1956, stated that in his opinion the continuing disability was related to the original accident. It appears undisputed that he was unable to work during the period of time in question. The findings of the board in 1958, albeit mentioning the history of the case, directed its award only to the period of disability and was not intended to reopen the original findings. Upon the present condition of the record before us, there was substantial evidence of continuing disability. The appellants further contend that the reports of Dr. Leech should be deleted from the record. He was not included as one of the doctors to be examined in Florida nor was any objection made in the appellants' application for review, dated July 2, 1957. In any event there was no prejudice as there was substantial evidence of continued disability without referring to those reports. In this memorandum we have not found it necessary to refer to his reports in sustaining the decision and award. Decision and award unanimously affirmed, without costs. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.